UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WEISER and MICHIGAN
REPUBLICAN PARTY,

    Plaintiffs,

v

JOCELYN BENSON,

    Defendant.

No. 1:21-cv-00816

HON. JANET T. NEFF

MAG. SALLY J. BERENS

_____/

| | |
|---|---|
| Robert L. Avers (P75396)<br>Attorney for Plaintiffs<br>350 South Main Street, Suite 300<br>Ann Arbor, Michigan 48104<br>734.623.1672<br>ravers@dickinsonwright.com | Charles R. Spies (P83260)<br>Attorney for Plaintiffs<br>1825 Eye Street, NW, Suite 900<br>Washington, DC 20006<br>202.466.5964<br>cspies@dickinsonwright.com |
| Heather S. Meingast (P55439)<br>Erik A. Grill (P64713)<br>Assistant Attorneys General<br>Attorneys for Defendant Benson<br>PO Box 30736<br>Lansing, Michigan 48909<br>517.335.7659<br>meingasth@michigan.gov<br>grille@michigan.gov | Jason Torchinsky<br>Attorney for Plaintiff MRP<br>2542 North Wakefield Street<br>Arlington, VA 22207<br>202.302.6768<br>jtorchinsky@hvjlaw.com |

**DEFENDANT SECRETARY OF STATE JOCELYN BENSON'S
PRE-MOTION CONFERENCE REQUEST**

                                          Erik A. Grill (P64713)
                                          Heather S. Meingast (P55439)
                                          Assistant Attorneys General
                                          Attorneys for Defendant
                                          P.O. Box 30736
                                          Lansing, Michigan 48909
                                          517.335.7659
Dated: October 12, 2021                Email:  grille@michigan.gov

Defendant Secretary of State Jocelyn Benson requests a pre-motion conference to determine a briefing schedule for a Rule 12 motion to dismiss Plaintiffs' complaint. The basis of the proposed motion is outlined briefly below.

In the four counts of the complaint, Plaintiffs Ronald Weiser and the Michigan Republican Party allege that a long-standing rule regarding the Michigan Campaign Finance Act (MCFA) violates—both on its face and as-applied—free speech rights under the First Amendment and Equal Protection guarantees under the Fourteenth Amendment. Since 1983, the Department of State has interpreted MCFA such that an office holder may receive contributions in excess of the limits provided by the Act if the officeholder's recall is "actively being sought." The reasoning for this conclusion was that proponents of a recall are required to form a political committee, but contributions to such committees were not subject to limitations under the MCFA. As a result, if office holders subject to recall were held to MCFA contribution limits while recall proponents were not, the office holders would be at a significant disadvantage. Such office holders would be limited in their ability to raise money to defend themselves, while those seeking their recall would be "operating under different sets of rules."

Plaintiffs' complaint challenges this decades-old construction, arguing that the "recall exception" is unconstitutional on its face and as applied to contributions collected by Governor Gretchen Whitmer, who has been the subject of at least 7 recall attempts since June of 2020. Each of Plaintiffs' four counts is premised upon the argument that the "recall exception" allows office holders—and Governor Whitmer, specifically—to gather unlimited amounts of money while any challengers to the incumbent are subject to MCFA contribution limits. This argument, however, is simply wrong, and fails to state a claim as a matter of law.

Plaintiffs err in asserting that the Governor is permitted to keep or use any excess contributions for her re-election effort. The Department has instead interpreted the MCFA to require that any contributions collected by an office holder in excess of MCFA limits for purposes of opposing a recall must be returned or disgorged (for example, donated to a party or charity) if a recall election is not called. Simply put, office holders do not get to keep or use that money for their re-election.

There is also no as-applied advantage for Governor Whitmer against any potential Republican opponents for the November 2022 election. MCL 168.951(1) provides, in pertinent part, that a recall petition shall not be filed against the governor during the last year of the governor's term of office. The Governor's term ends at noon on January 1, 2023. MCL 168.63. Any recall petition, then, must be filed by 11:59 a.m. on January 1, 2022. And, even if there were an eleventh-hour recall petition filed against the Governor, and if even that recall petition succeeded in gathering sufficient signatures, the latest possible date for a special recall election on the basis of that petition would be the August 2022 primary—which would be the same election in which a Republican nominee to challenge Governor Whitmer in the general election would be chosen. MCL 168.963(4). And the Governor would still have to promptly return or disgorge any unspent contributions in excess of MCFA limits after the recall election. The Governor could not, then, use any unspent "recall exception" funds to support her re-election against the Republican challenger in the 2022 general election. There is no fundraising advantage or resultant viewpoint discrimination, and so Plaintiffs' claims necessarily fail.

Further, there is a significant likelihood that Plaintiff's claims will be moot by the time the Court rules on the contemplated motion. As of this date, none of the recall petitions that have been approved have returned valid signatures within the required 180 days, and no new recall

petitions have been approved since September of 2020. If there are no additional recall petitions filed by January 1, 2022, any possible recall effort will necessarily be considered "concluded" because no new petitions could be filed. The Governor would be required to disgorge any contributions received in excess of the MCFA limits at that time—months before even the April 19, 2022 deadline for Republican gubernatorial candidates to file their nominating petitions.

Finally, this Court should abstain from exercising jurisdiction over Plaintiffs' claims under the Burford doctrine, which provides that where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.. *New Orleans Pub. Serv. Inc. v. New Orleans*, 491 U.S. 350, 361 (1989). To justify abstention there must be (1) "a complex state regulatory scheme [present] which would be disrupted by federal court review" because the state has an overriding interest in the subject matter involved and (2) "a state-created forum with specialized competence in the particular area" because the federal court would be ill-equipped to review state rules and regulations which have an entirely local effect. *Ada-Cascade Watch Co. v. Cascade Resource Recovery, Inc.*, 720 F.2d 897, 903 (6th Cir. 1983). Here, there is already an administrative complaint raising the same important issues of state law about the recall exception and its application to Governor Whitmer, and a decision by the Department is currently expected by December 16, 2021. Plaintiffs' complaint in this case seeks only equitable relief, not damages. Abstention, therefore, would be appropriate.

For these reasons, Defendant Secretary of State Jocelyn Benson requests the Court schedule a pre-motion conference so that a motion to dismiss may be filed and decided in this matter before it proceeds any further.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DANA NESSEL<br>Attorney General |
|  | *s/Erik A. Grill*<br>Erik A. Grill (P64713)<br>Heather S. Meingast (P55439)<br>Assistant Attorneys General<br>Attorneys for Defendant<br>P.O. Box 30736<br>Lansing, Michigan 48909<br>517.335.7659 |
| Dated: October 13, 2021 | Email:  grille@michigan.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Erik A. Grill*
Erik A. Grill (P64713)
P.O. Box 30736
Lansing, Michigan  48909
517.335.7659
Email:  grille@michigan.gov
P64713

4